Case 8:09-cv-03151-AW   Document 1   Filed 11/24/09   Page 1 of 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| LARRY CAMPBELL )<br>   *On behalf of himself and all individuals similarly situated* )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SENTRYLINK, LLC )<br>)<br>   SERVE:   Martin L. Kamerow )<br>                11400 Rockville Pike, Ste. 800 )<br>                Rockville, MD 20852 )<br>)<br>      Defendant. )<br>_____) | Civil Action<br>No. _____ |

## CLASS ACTION COMPLAINT

1.  Plaintiff Larry Campbell, on behalf of himself and all others similarly situated, brings this consolidated Complaint, by and through his attorneys, for declaratory relief and damages arising out of the systematic issuance of erroneous consumer reports by Defendant SentryLink, LLC ("SentryLink"). SentryLink has erroneously reported background information of Plaintiff and the Class, with consistent and knowing disregard for their rights and its own statutory obligations, and has further frustrated their ability to dispute the contents of their files. SentryLink has negligently and willfully failed to employ reasonable procedures to ensure the maximum possible accuracy of its consumer reports. Even after consumers informed SentryLink of the numerous and egregious inaccuracies contained within their consumer reports based on its severely deficient matching algorithm, SentryLink has negligently and willfully failed to consistently and adequately correct the erroneous information and to otherwise conduct its handling of consumer disputes as required by the law. SentryLink's conduct in all regards violates the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## JURISDICTION

2.     The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and under the FCRA, 15 U.S.C. § 1681n and § 1681p.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b), as the Defendant is located in and regularly does business in this District and Division.

## PARTIES

4.     Plaintiff Larry Campbell is a natural person and is a "consumer" as defined by the FCRA.

5.     Defendant SentryLink is a corporation with its primary business headquarters and registered agent located in Rockville, Maryland.  SentryLink is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) which regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.  SentryLink is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

6.     Specifically, in both regards, Defendant SentryLink sells these consumer reports to third parties under contract for monetary compensation.

## FACTS

7.     Plaintiff Larry Campbell applied for employment with Physicians Integrated Medical Group ("PIMG") in August of 2009.

8.     On or about August 19, 2009, SentryLink prepared a consumer report regarding Plaintiff Campbell and sold it to PIMG.

9.     In preparing this consumer report from its own database, SentryLink compiled its

own consumer and public record information regarding the Plaintiff and a number of other individuals who shared his name or some of his personal identifiers, and then, upon information and belief, merged that data with information obtained from a number of unknown other data providers. SentryLink then provided the resultant background report to PIMG.

10. In doing so, SentryLink obtained additional identifying information regarding the Plaintiff from at least one nationwide consumer reporting agency, including, at a minimum, Plaintiff's name, social security number, date of birth, current address, and numerous previous addresses. SentryLink then negligently and recklessly used a subset of that identifying information (hereafter, "indicative information") which regarded the Plaintiff as input criteria to perform a second search and to compile the criminal portion of Plaintiff's background check report.

11. Upon information and belief, SentryLink only matched criminal records using a subset of the information that it obtained, in accordance with its intentionally and willfully adopted "loose match" policies and procedures for generating consumer reports which regard the alleged criminal histories of consumers.

12. The policies and procedures adopted by SentryLink were intentionally designed to loosely match consumers to criminal convictions on file, and thus, these procedures failed to accurately identify consumers, SentryLink's matching criteria employs an algorithm that presumes that as long as Plaintiff's first name, last name, and date of birth match the underlying public record information, it should return criminal records from any court in the United States which regarded any individual who shared these attributes with the Plaintiff.

13. As a result of these and other deficient and intentionally implemented data gathering and matching policies and procedures, the consumer report that SentryLink supplied to

PIMG regarding the Plaintiff contained numerous inaccuracies regarding criminal convictions, alias information, and personal identifying information including, but not limited to, the false and outrageous assertions that Plaintiff had been convicted of multiple counts of sexual assault and failure to register as a sex offender in Arizona.

14.     Plaintiff Campbell has never been convicted of sexual assault or failure to register as a sex offender.  Plaintiff Campbell has been a resident of San Francisco, California since 1992 and is not a criminal.

15.     After obtaining and using the Plaintiff's consumer report supplied by Defendant SentryLink, PIMG denied his employment application on the basis of the report and informed Plaintiff specifically that the CEO of PIMG was "uncomfortable with him" as a result of the information furnished by SentryLink, even after Plaintiff attempted to provide PIMG with evidence that the SentryLink report contained false and erroneous information and which regarded another individual.

16.     PIMG provided Plaintiff with a copy of the background check / national criminal records report it had obtained in connection with his employment application.

17.     Plaintiff thereafter filed a Complaint with the Federal Trade Commission against SentryLink but was informed that he should follow the Defendant's procedures for disputing the inaccurate information and subsequently update the FTC with the results of Defendant's reinvestigation.

18.     Thereafter, Plaintiff called the Defendant on multiple occasions and spoke to Michele Parker, CSR Manager, at SentryLink's headquarters in Greenbelt, Maryland.  Ms. Parker informed Plaintiff that while his situation was unfortunate, his efforts to correct the inaccurate information in his file would be "futile", as they were not responsible for processing

disputes for him.

19.     Ms. Parker further stated that the law "protected" SentryLink and all similar reporting agencies regarding inaccurate information in consumers' files when gathered from public record via a related name search.  SentryLink, Ms. Parker contended, therefore had "no responsibility" to ensure or verify that the information contained in the reports they furnished was accurate.

20.     Rather, Ms. Parker enumerated, the responsibility of ensuring accuracy rested with the entities that purchased the reports, such as PIMG in Plaintiff's case.  She further suggested that Mr. Campbell should be prepared to personally disprove the false and erroneous criminal convictions when he applied for employment in the future.

21.     Plaintiff was thereafter left with the challenge of proving a negative: that he was <u>not</u> a sex offender, and he had <u>not</u> been convicted of sexual assault or the failure to register as a sex offender.

22.     Plaintiff thereafter disputed in writing to SentryLink regarding each of the inaccuracies and errors contained in the report.

23.     Plaintiff provided SentryLink with copies of his California state driver's license and his passport which reflect a different height, weight, age, eye color, and hair color from the individual listed in the Defendant's employment report furnished to PIMG regarding him.  He further provided a photograph taken from the Arizona government website with a photograph and description of the perpetrator and asked that SentryLink compare the information.

24.     Plaintiff further provided the Defendant with the contact information for the Phoenix police department and its Sex Offender Compliance Unit and the name and contact number for Sgt. Barbara Francis, with whom Plaintiff had spoken and could verify that the social

security numbers, dates of birth, and middle initials of Plaintiff did not match those of the individual convicted of the crimes listed in the August 19 report.

25. Thereafter, in accordance with its standard policies and procedures, Defendant SentryLink flatly refused to conduct any reinvestigation of Plaintiff's disputes.

26. Defendant SentryLink thereafter did not respond to Plaintiff.

## CLASS ACTION ALLEGATIONS

27. Plaintiff Campbell reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiff Campbell brings this action for himself and on behalf of a class (the "class") of similarly situated individuals initially defined as follows:

All natural persons residing in the United States who were the subject of a consumer report prepared by Defendant within 2 years prior to the filing of this complaint and who also are members of one or more of the following subclasses:

> SUBCLASS A: Each class member regarding whom Defendant furnished a consumer report for employment purposes and did not provide notice to the class member that it was furnishing a employment report regarding them prior to or contemporaneously with its provision of the employment report; and

> SUBCLASS B: Each class member who requested that the Defendant investigate items in their files and regarding whom the Defendant thereafter refused to conduct a reinvestigation of the dispute.

Excluded from the Class are Defendant SentryLink, any entity in which Defendant has a controlling interest, any employees, officers, directors of Defendant, and any legal representatives, heirs, successors, and assignees of Defendant, and any judge assigned to hear this action.

29. **Numerosity. FED. R. CIV. P. 23(a)(1).** Upon information and belief, the Plaintiff alleges that the Class members are so numerous that joinder of all is impractical. The

names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

30. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members.

31. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff Campbell's claims are typical of the claims of each Class member. Plaintiff Campbell is entitled to relief under the same causes of action as the other members of the Class.

32. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff Campbell is an adequate representative of the Class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. Plaintiff

33. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by

the complex legal and factual issues raised by Defendant's conduct.  By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

34. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).**  Class certification is appropriate, because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff Campbell and the Class members.

**COUNT ONE:
VIOLATION OF 15 U.S.C. § 1681e(b)
(Plaintiff Campbell individually)**

35. Plaintiff Campbell reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. SentryLink is regularly engaged in the practice of assembling and evaluating consumer information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), and furnishing these reports to third parties.

37. SentryLink uses means and facilities of interstate commerce for the purpose of preparing and furnishing consumer reports and is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

38. In preparing consumer reports, SentryLink has failed to use reasonable procedures to, as required by law, assure the maximum possible accuracy of information contained in Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b).

39. As a result of SentryLink's failure to maintain such reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), SentryLink has erroneously reported numerous inaccurate and defamatory criminal offenses and personal identifying information

within Plaintiff Campbell's consumer report.

40. As a result of this conduct, action, and inaction of SentryLink, the Plaintiff has suffered actual damages, both pecuniary and non-pecuniary, and he seeks to recover the same from the Defendant.

41. The conduct, action, and inaction of SentryLink was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, SentryLink was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover costs and attorney's fees from SentryLink in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i (Class Action Allegations)

43. Plaintiff Campbell reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

44. Following receipt of disputes from consumers, SentryLink has failed to conduct investigations of those disputes, including reviewing all relevant information provided by the consumers, or to the extent applicable, forwarding the dispute to the consumer reporting agenc(ies) that provided it with the information that it resold to PIMG.

45. As a result of SentryLink's failure to conduct a reinvestigation of disputes received by consumers within thirty (30) days of receiving such disputes in either or both of its capacities as a consumer reporting agency or as a reseller, SentryLink violated 15 U.S.C. §1681i as to Plaintiff and as to all consumers who disputed information in their SentryLink files.

46. The conduct, action, and inaction of SentryLink was willful, rendering it liable for

statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

47. The Plaintiff and the class members are entitled to recover costs and attorney's fees from SentryLink in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. § 1681k
### (Class Action Allegations)

48. Plaintiff Campbell reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

49. Defendant violated the FCRA, 15 U.S.C. § 1681k by preparing and publishing an employment report as to the Plaintiff and each class member without first re-verifying the record immediately before furnishing such reports in accordance with strict procedures or, in the alternative, without providing contemporaneous notice to the consumer of its preparation and delivery of the employment report.

50. The conduct, action, and inaction of SentryLink was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

51. The Plaintiff and the class members are entitled to recover costs and attorney's fees from SentryLink in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

WHEREFORE, your Plaintiff, on behalf of the putative class members moves for class certification and for judgment against the Defendant for statutory and punitive damages, attorneys' fees and costs, injunctive and declaratory relief, and such other specific or general

relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED.**

                              Respectfully submitted,
                              **LARRY CAMPBELL,** *individually and on behalf of similarly situated individuals*.

By: ___/s/_____
Scott C. Borison, Esq., Bar No. 22576
Phillip Robinson, Esq., Bar No.  27824
Counsel for the Plaintiff
Legg Law Firm, LLC
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD 21703
Phone: (301) 620-1016
Fax: (301) 620-1018
borison@legglaw.com