IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MARYLAND GREENBELT DIVISION

| | | |
|---|---|---|
| LARRY CAMPBELL, on behalf of | : | |
| himself and all individuals similarly situated | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil No. 8:09-cv-03151 AW |
| | : | |
| SENTRYLINK, LLC | : | |
| | : | |
| Defendant | : | |

**MOTION OF SENTRYLINK, LLC  TO DISMISS COUNT THREE OF THE
AMENDED COMPLAINT AND STRIKE THE REQUEST FOR INJUNCTIVE RELIEF**

Defendant SentryLink, LLC hereby moves, pursuant to Federal Rules of Civil Procedure

8 and 23, to dismiss Count Three of the Amended Complaint and to strike the Amended

Complaint's request for injunctive and declaratory relief. As set forth more fully in the

accompanying memorandum of law, Count Three should be dismissed for failure to plead any

facts, as required by the Federal Rules of Civil Procedure, and because, as a matter of law, the

plaintiff's interpretation of the Fair Credit Reporting Act cannot support an allegation that

SentryLink "willfully" violated that interpretation.  In addition, the request for injunctive and

declaratory relief should be struck because that relief is not available to private plaintiff under

the Fair Credit Reporting Act.

Respectfully submitted,

 /s/
Andrew J. Morris
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C.  20036
(202) 310-5500 – phone
(202) 310-5555 – fax
ajm@carrmaloney.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Scott C. Borison, Esq.
>Phillip Robinson, Esq.
>Legg Lew Firm, LLC
>Francis Scott Key Mall
>5500 Buckeystown Pike
>Frederick, MD 21703
>
>Scott C. Borison, Esq.
>Legg Law Firm, LLC
>Francis Scott Key Mall
>5500 Buckeystown Pike
>Frederick, MD  21703
>
>Leonard A. Bennett, Esq.
>Consumer Litigation Associates, P.C.
>12515 Warwick Blvd., Suite 100
>Newport News, VA  23606

Respectfully submitted,

/s/ _____
Andrew J. Morris

2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| LARRY CAMPBELL, on behalf of | : | |
| himself and all individuals similarly situated | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil No. 8:09-cv-03151 AW |
| | : | |
| SENTRYLINK, LLC | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SENTRYLINK, LLC, TO
DISMISS COUNT THREE OF THE AMENDED COMPLAINT
<u>AND STRIKE THE REQUEST FOR INJUNCTIVE RELIEF</u>**

Andrew J. Morris
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036-5652
(202) 310-5500 (Phone)
(202) 310-5555 (Fax)
ajm@carrmaloney.com

## TABLE OF CONTENTS

INTRODUCTION AND SUMMARY ................................................................................ 2

THE ALLEGATIONS OF THE AMENDED COMPLAINT ....................................... 4

ARGUMENT .................................................................................................................. 6

I.  The Governing Pleading Standards .................................................................. 6

    A.  To Survive A Motion To Dismiss, A Complaint Must Plead Sufficient "Facts" To Satisfy Federal Rule Of Civil Procedure 8 .......................................................... 6

    B.  Proposed Class-Wide Claims Must Plead "Facts" That, Accepted As True, Indicate That The Complaint Could Satisfy Rule 23 ............................................ 7

II.  Count Three Fails To State A Claim .................................................................. 8

    A.  The Complaint Does Not Allege A Single Fact In Support Of Count Three ......... 8

    B.  As A Matter Of Law, The Complaint Does Not Plead A Violation Of § 1681k That Is "Willful" ....................................................................................................... 9

        1.  A violation of the FCRA cannot be "willful" if the plaintiff's interpretation of the statute is not supported by any court of appeals decisions or by guidance from the Federal Trade Commission ................. 9

        2.  Campbell's proposed interpretation of § 1681k is an innovative one that is not supported by any court of appeals authority or guidance from the Federal Trade Commission ...................................................................... 13

III.  The Request For Injunctive Relief Should Be Struck Because Injunctive Relief Under The FRCA Is Not Available To Private Plaintiffs .......................................... 17

CONCLUSION ............................................................................................................. 18

SentryLink, LLC, moves (1) to dismiss Count Three, which alleges "willful" violation of 15 U.S.C. § 1681k, and (2) to strike the request for injunctive relief.

## INTRODUCTION AND SUMMARY

This case arises under the Fair Credit Reporting Act, or FCRA. It involves FCRA provisions governing consumer reporting agencies that furnish potential employers with reports that contain "public-record" information (such as criminal convictions and civil judgments) about job applicants. This motion addresses Count Three of the First Amended Class Action Complaint ("Amended Complaint"), which alleges a "willful" violation of a FCRA requirement that is set out in 15 U.S.C. § 1681k.

According to that provision, a consumer reporting agency that sends certain public-record information about a consumer to a potential employer must "notify the consumer of the fact that" this "information is being reported" to the potential employer, and must give this notice "at the time" it reports the information to the potential employer. 15 U.S.C. § 1681k(a)(1) (2007). This provision dates from 1970. The Amended Complaint interprets it to require notice to the consumer that is "prior to or contemporaneous with" sending the report to the potential employer. (Am. Compl. ¶ 28(a).) Any notice that is less than literally contemporaneous, the Amended Complaint contends, violates the FCRA. Based on this interpretation, the Amended Complaint alleges that SentryLink violated the provision, and did so "willful[ly]." The plaintiff purports to assert Count Three on behalf of himself and a class of "similarly situated individuals."

Count Three should be dismissed for two independent reasons (even assuming, for this motion only, that SentryLink is a "consumer reporting agency"). First, Count Three is supported by no factual allegations—literally none. The Amended Complaint does nothing more than

2

paraphrase the statute and assert that SentryLink violated it.  That fact-free pleading does not suffice to state a claim.

Second, because of the absence of authoritative decisions that support Campbell's interpretation of § 1681k, the Amended Complaint cannot support a conclusion that any violation of that interpretation was "willful."  As the Supreme Court held in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 70 (2007), to state a claim for a "willful" violation of the FCRA, a plaintiff must identify court of appeals authority or Federal Trade Commission guidance that supports his interpretation of the statute.  Campbell cannot begin to make this showing, since no court of appeals has considered, much less adopted, his "prior to or contemporaneous" notice theory.  Campbell's gloss on § 1681k is one that plaintiffs conceived only recently and have just begun to assert in the district courts.  It arises from Campbell's view about re-interpreting the 40-year old notice requirement to fit the Internet age.  An interpretation this new cannot begin to support a claim for a "willful" violation of the statute.

The Court should apply the threshold pleading requirements with full rigor—as other courts regularly do, dismissing FCRA "willful-violation" complaints—because Campbell's ability to pursue the "prior to or contemporaneous" interpretation on a class-wide basis depends entirely on his ability to plead that a violation of that theory is "willful."  Campbell pleads a willful violation, rather than one that is negligent or grossly negligent, because only an FCRA violation that rises to the level of willfulness gives him a shot at a class-wide claim.  This is because a "willful" violation can support an award of damages without proof of actual injury.  That eliminates the need to plead and prove actual damages to each proposed class member, an undertaking that would require individualized proof and therefore destroy Campbell's ability to pursue a class action.  See, *e.g.*, *Williams v. Telespectrum, Inc.*, No. 3:05-cv-00853, 2007 WL

3

6787411, *13-*14, *17 (E.D. Va. June 1, 2007) (denying class certification in a similar FCRA case because the class sought actual damages and determining those actual damages would have required individualized proof).  By contrast, Campbell will argue that a complaint that seeks only statutory and punitive damages can proceed as a class action because it does not involve proof of actual damages.  This explains the importance, in class-action litigation, of alleging a violation of the FCRA that is "willful."

It also explains why Campbell should not be permitted to evade the well-established threshold requirements:  to plead at least some facts, and to identify legal authority for his proposed gloss on the statute.  These threshold tests are especially important in cases such as this one, where a single plaintiff seeks to pursue litigation that would combine a class action with possible statutory and punitive damages—threatening a massive damages award.  (And what is more, to do so on behalf of persons who, by definition, suffered no harm.  If they had suffered harm, they would not be members of the proposed class.)

The Amended Complaint also seeks injunctive relief.  The Court should strike this request because, as a matter of law, injunctive relief is not available to private plaintiffs under the FCRA.

## THE ALLEGATIONS OF THE AMENDED COMPLAINT

SentryLink is in the business of providing consumer information to customers, who include potential employers that use the information to evaluate job applicants.  (Am. Compl. ¶¶ 5, 7, 8.)  SentryLink obtains this information from the databases of consumer reporting agencies.  (*Id.* ¶ 5.)  Those agencies, in turn, obtain some information from public-record sources.  (*Id.* ¶ 9.)  Campbell alleges that SentryLink furnished his potential employer a report erroneously indicating that Campbell had a criminal conviction.  (*Id.* ¶ 13-14.)  The Amended Complaint

4

alleges that, because of this reported conviction, the potential employer declined to hire him. (*Id.* ¶ 15.)  Significant to this Motion to Dismiss, the Amended Complaint makes no allegations, of any kind, about notification of Campbell by SentryLink.

Based on these allegations, Campbell asserts three claims under the FCRA.  Count Three, the count now at issue, alleges a violation of 15 U.S.C. § 1681k.  This § 1681k applies where a consumer reporting agency sends a potential employer information about a consumer that contains "matters of public record" (such as records of "arrests, indictments, convictions, suits, tax liens, and outstanding judgments," 15 U.S.C. § 1681k(a)(2)) that "are likely to have an adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k(a).  If a consumer-reporting agency sends public-record information to a potential employer, the consumer-reporting agency must do one of two things.  It must either "notify the consumer of the fact that" this "information is being reported," or it must check the source of the public record to "insure" that the information reported is "up to date."  15 U.S.C. § 1681k(a)(1)-(2).  Whichever option the consumer reporting agency pursues—sending a notice to the consumer or checking the underlying public records—it must do so *at the time* such public record information is reported" to the potential employer."  15 U.S.C. § 1681k(a)(1) (emphasis added).

In his Amended Complaint, Campbell limits his attack to the first option, implicitly suggesting that this is the option that SentryLink pursues.  Campbell's critical assertion is his interpretation of the "at the time" requirement to mean "prior to or contemporaneous with." (Am. Compl. ¶ 28(a).)

The Amended Complaint contends that SentryLink violated § 1681k on a class-wide basis, but the Amended Complaint contains not a single ***factual*** allegation on the topic.  It merely recites the statutory requirement, as Campbell interprets it, and adds the conclusory allegation—

5

still with no facts—that SentryLink violated it, and did so "willfully." Thus, the proposed class definition refers to "to whom Defendant did not provide notice that it was furnishing a consumer report on them prior to or contemporaneously with the provision of the report." (Am. Compl. ¶ 28(a); *see also id.* ¶ 49).

## ARGUMENT

### I.    The Governing Pleading Standards

#### A.    To Survive A Motion To Dismiss, A Complaint Must Plead Sufficient "Facts" To Satisfy Federal Rule Of Civil Procedure 8

Under Federal Rule of Civil Procedure 8(a), a complaint must set out "facts" that, when accepted as true, state a claim. *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint cannot state a claim by making only "conclusory factual allegations devoid of any reference to actual events." *Mock v. Lockheed Martin Corp.*, No. DKC 09-1370, 2009 WL 3297243, at *2 (D. Md. Oct. 8, 2009) (dismissing complaint for failure to plead "factual allegations" as required by Rule 8(a)) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp.*, 550 U.S. at 545; *accord Ashcroft*, 129 S. Ct. at 1950. *See also Akpan v. First Premier Bank*, No. DKC 09-1120, 2010 WL 917886, at *2-*3 (quoting *Bell Atlantic Corp*. and *Ashcroft*). Courts, including this Court, do not hesitate to dismiss complaints that fail to plead the "facts" required by Rule 8(a). *See, e.g.*, *Akpan*, 2010 WL 917886, at *2-*3 (dismissing alleged "willful" violation of FCPA for violation of rule 8(a)).

6

**B.      Proposed Class-Wide Claims Must Plead "Facts" That, Accepted As True, Indicate That The Complaint Could Satisfy Rule 23**

Because Campbell purports to bring Count Three on behalf of an entire class, his Amended Complaint must plead facts that, if proven, would show that the claims satisfy Federal Rule of Civil Procedure 23.  This includes the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy), as well as one of the prongs of Rule 23(b) (in this case, most likely the predominance and superiority requirements of Rule 23(b)(3)).

The Court must apply these requirements strictly, as dictated by a series of landmark Supreme Court decisions.  In *East Texas Motor Freight System Inc. v. Rodgriguez*, 431 U.S. 395, 405 (1977), the Supreme Court declared that "careful attention to the requirements of [Rule] 23" is "indispensable."  In *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982), it cautioned that class actions are permissible only where "a rigorous analysis" has shown "that the prerequisites of Rule 23(a) have been satisfied."  And in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997), it reiterated the importance of a rigorous analysis and required a "close look" at whether the plaintiff satisfies Rule 23.

The Supreme Court also instructed that this "close look" must begin as soon as the plaintiff files a complaint: "Sometimes the issues are plain enough from the pleadings to determine" if the complaint can satisfy Rule 23.  *General Telephone Co. of Southwest*, 457 U.S. at 160.  This Court has followed that instruction, for example granting a motion to strike the class-action allegations in *Ross-Randolph v. Allstate Ins. Co.*, No. DKC 99-3344, 2001 WL 36042162, at *4-6 (D. Md. May 11, 2001).  In that case the Court explained that, "[i]f a plaintiff fails to allege sufficient facts to show the requirements under Rule 23 have been met," then the

court can and should strike the class allegations. *Id.* at *4 (citing *General Telephone Co. of Southwest*, 457 U.S. at 160).

## II.   Count Three Fails To State A Claim

### A.   The Complaint Does Not Allege A Single Fact In Support Of Count Three

By these standards, Count Three should be dismissed.  The Amended Complaint contends that SentryLink violated § 1681k by failing to provide consumer notice that was "prior to or contemporaneous with" (Campbell's words, not the statute's) transmitting unidentified reports to potential employers, and that this violation was "willful."  (*See* Am. Compl. ¶ 28.)  But Campbell does not allege "facts" that, if later proven, would show that SentryLink violated § 1681k, did so "willfully," and did so in a way that affected the proposed class.  The Amended Complaint provides no relevant "facts" at all.  It does nothing more than paraphrase the statute (with key words varied to advance Campbell's interpretation), and allege that SentryLink violated it, as Campbell interprets it.  The Amended Complaint gives no indication of what SentryLink did that violated § 1681k—as to Campbell himself, much less as to an entire class. That is not nearly enough to satisfy the minimum requirements for "facts" imposed by Rule 8, *Ashcroft*, 129 S. Ct. at 1949, and also imposed by Rule 23 for class-wide claims, *Ross-Randolph*, 2001 WL 36042162, at *4-6 (striking class allegations for failure to plead facts).  Just as this Court in *Akpan* dismissed a complaint alleging "willful" violation of the FCRA because the complaint "d[id] not provide sufficient notice to Defendant as required by [Federal Rule of Civil Procedure] 8(a)(2) and as articulated in" *Ashcroft* (*Akpan*, 2010 WL 917886, at *3), it should dismiss Campbell's Count Three.

**B.      As A Matter Of Law, The Complaint Does Not Plead A Violation Of § 1681k That Is "Willful"**

**1.      A violation of the FCRA cannot be "willful" if the plaintiff's interpretation of the statute is not supported by any court of appeals decisions or by guidance from the Federal Trade Commission**

Even if the Amended Complaint were construed to allege sufficient facts to satisfy Rules 8(a) and 23, the Amended Complaint still could not state a claim for a "willful" violation of § 1681k.  To plead a "willful" violation of the FCRA, Campbell must show that, as a matter of law, his interpretation of § 1681k—as requiring notice to the consumer that is "prior to or contemporaneous" with transmitting information to the potential employer—is well-established as the only permissible one.

The United States Supreme Court articulated this requirement in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).  In that case, the Court first confirmed that "willfulness" is a demanding standard, requiring conduct that knowingly violates or "reckless[ly] disregard[s]" the statute.  551 U.S. at 57.  The Court then explained that a violation is not willful merely because a defendant acted based on an incorrect interpretation or understanding of the FCRA; willfulness can be found only if the defendant's reading of the statute is "objectively unreasonable."  *Id.* at 69.  The Court then identified two considerations that determine whether a reading is objectively unreasonable: whether the defendant "had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took."  *Id.* at 70.

The Supreme Court then applied this standard to the case before it (on a motion for summary judgment).  The Court held that, even though the defendant in that case had violated the FCRA, it had not acted even "recklessly."  The Court explained that the defendant had not

9

had the benefit of guidance from the courts of appeals or the FTC, because "[b]efore these cases, no court of appeals had spoken on the [FCRA provision at] issue, and no authoritative guidance has yet come from the FTC." *Id.* at 70. The Court concluded that, "[g]iven this dearth of guidance and the less-than-pellucid statutory text, Safeco's reading was not objectively unreasonable, and so falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability." *Id.* It went on to explain that, "[w]here . . . the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator." *Id.* at 70 n.20. The Court also held that "there was no need . . . to remand the cases for factual development," because no clear authority existed that contradicted the defendant's reading of the requirements of the FCRA. *Id.* at 71.

Just last month, the United States Court of Appeals for the Seventh Circuit applied the *Safeco* "willfulness" test to affirm the dismissal of a putative class-action complaint on the ground that existing authority did not show that the plaintiff's reading of the FCRA was the only permissible one. In *Shlahtichman v. 1-800 Contacts, Inc.*, No. 09-4073, 2010 WL 3122786 (7th Cir. Aug. 10, 2010), a customer alleged that a merchant had willfully violated a FCRA prohibition on "print[ing] . . . the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction," 15 U.S.C. § 1681c(g)(1), when it emailed the plaintiff an order confirmation that contained his credit card's expiration date. *Id.* at *1-*2. The customer alleged no actual injury (just like the putative class members in Campbell) and therefore "sought the statutory damages that are authorized" by the FCRA "for willful violations." *Id.* at *8. The merchant moved to dismiss, arguing that the prohibition applied only to receipts actually printed

10

on paper and handed to the customer, and that, even if its reading of the statute were wrong, any violation was not "willful." *Id.* at *2, *8.

The district court granted the defendant's motion to dismiss, and the court of appeals affirmed. With respect to "willfulness," the court held that even if the defendant had misinterpreted the statute, and therefore violated it, any violations could not have been willful. *Id.* at *8. Citing *Safeco*, the court explained that "there has been no contrary opinion from a court of appeals . . . suggesting that the company's understanding of the statute is wrong;" that there has been no contrary opinion from "a federal agency" to the same effect; and that the merchant's interpretation "is objectively reasonable." *Id.* Based on these criteria, the court concluded that "even if" the merchant had misconstrued the statute, "it did not do so knowingly or recklessly." *Id.*

In the three years since the Supreme Court decided *Safeco*, numerous other courts have applied that case to dismiss complaints that allege "willful" violations of the FCRA. For example, in *King v. MovieTickets.com, Inc.*, 555 F. Supp. 2d 1339, 1340, 1342-43, the court dismissed a willful-violation complaint "because Plaintiff[']s desired interpretation of [the FCRA section at issue] was not clear from the language of the statute" and the plaintiff cited no authority supporting his reading. *See also Akpan*, 2010 WL 91886, at *2 (the District of Maryland decision, cited above, dismissing a complaint that alleged a willful violation of the FCRA); *Gardner v. Appleton Baseball Club, Inc.*, No. 09-C-705, 2010 WL 1368663, at *5-6 (E.D. Wis. March 31, 2010) (dismissing putative class-action complaint alleging a willful violation of the FCRA, because "the complaint merely 'parrots' the statutory language without providing any specific facts;" the court stated that general allegations that the defendant knew about and violated the statute "do not suffice because they are not particularized at all—they are

11

general facts about the law itself and about other, unnamed companies' response to the law. These same facts could be alleged against *any* alleged [FCRA] violator, and as such they are essentially boilerplate.") (emphasis in original); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1361-62 (S.D. Fla. 2009) (dismissing complaint because plaintiff's allegations were insufficient to establish that defendant acted willfully or recklessly in violation of the FCRA; the fact that the defendant misunderstood the statute did not suffice to plead willfulness); *Eller v. Experian Information Solutions, Inc.*, No. 09-cv-00040-MSK-KMT, 2009 WL 2601370, at *3 (D. Colo. Aug. 20, 2009) (holding that the bare assertion of a willful violation of the FCRA, without providing facts in support, is insufficient to state a claim for relief); *Wojtczak v. Chase Bank, USA, N.A.*, No. 06-C-987, 2007 WL 4232995, at *4 (E.D. Wis. Nov. 27, 2007) (dismissing putative class-action complaint alleging willful violation of the FCRA because case law did not hold that the practice at issue, which was pleaded in detail, violated the statute); *Forrest v. JP Morgan Chase Bank, N.A.*, No. 06-C-298, 2007 WL 2773518, at *5 (E.D. Wis. Sept. 21, 2007) (dismissing putative class-action complaint based on same reasoning as *Wojtczak*).

As these cases show, courts do not permit plaintiffs to pursue allegations of "willful" FCRA violations where those allegations are unsupported by facts, or where they rest on an interpretation of the FCRA that is not demonstrably supported by specific legal authority. This vigilance in applying the pleading standards is especially appropriate in putative class actions (such as *Shlahtichman*, *Gardner*, *Wojtzcak*, and *Forrest).* In those cases, successfully pleading "willfulness" is the price that plaintiffs must pay for the right to pursue putative class-action litigation for statutory and punitive damages, with all of the *in terrorem* advantages that this

litigation gives to plaintiffs.  Courts do not permit plaintiffs to launch these putative class actions if the plaintiffs cannot meet the threshold standards.

> ### 2. Campbell's proposed interpretation of § 1681k is an innovative one that is not supported by any court of appeals authority or guidance from the Federal Trade Commission

Those standards dictate dismissal of Campbell's Count Three because existing authority does not show that Campbell's reading of § 1681k is established as the only permissible one. Campbell construes the phrase "at the time"—which § 1681k uses to refer both to giving the consumer notice and to re-checking various public records—to mean "prior to or contemporaneous with."  But this reading, even if reasonable, is far from the *only* reasonable interpretation—as it must be to satisfy *Safeco*.  To the contrary, it is an innovative reading of this 40-year old statute, only recently advocated by plaintiff's attorneys.

As a result, Campbell's reading of § 1681k cannot pass the *Safeco* test.  Campbell cannot, as he must, cite a single court of appeals case that adopts his reading of § 1681k.  No such authority exists; Campbell's theory is simply too new.  At the time Campbell filed his Amended Complaint, a weaker form of this reading—construing "at the time" to mean literally and strictly "contemporaneous"—had been addressed in a total of two reported district-court cases. [1]  In

---

[1] Our research has identified three reported district court opinions that have touched on the issue. One is *Adams v. National Engineering Service Corp.*, 620 F. Supp.2d 319, 331 (D. Conn. 2009), which is discussed in the text.  In a second reported case, the court did refer to the provision as requiring notice "at the same time," but did so only in passing and conducted no analysis, because that case involved a failure to provide any notice at all.  *Poore v. Sterling Testing Sys., Inc.*, 410 F. Supp. 2d 557, 572 (E.D. Ky. 2006).  Another court, in an opinion issued this past May, accepted the assumption that § 1681k requires "contemporaneous" notice.  *Smith v. Hireright Solutions, Inc.*, No. 09-6007, 2010 WL 1903753, at *9-10, (E.D. Pa. May 12, 2010). But that court did not discuss or support its assumption about the statute, and it relied on a flat misreading of a court of appeals case that does not even address the issue.  *Id.* (citing *Dalton v. Capital Assoc'd Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001)).  The court, which was addressing a well-detailed complaint, denied a motion to dismiss.  *Smith* at *10.

addition, Campbell's counsel (Consumer Litigation Associates) had advanced a "contemporaneous" theory in at least two other cases.[2] This means that the FCRA, enacted in 1970, had been in effect for more than thirty-five years before the first plaintiffs' attorney came up with this "contemporaneous" theory. And one of these recent opinions, *Adams v. National Engineering Service Corp.*, 620 F. Supp. 2d 319, 331 (D. Conn. 2009), contradicts Campbell's assertion that his interpretation is the only reasonable one. *Adams* states that § 1681k is open to a range of interpretations: "[T]he court knows of no binding authority directly interpreting section 1681k(a)(1)'s requirement that a consumer reporting agency notify the consumer 'at the time' derogatory public record information is reported." *Id.* at 331. The court concluded that "***the plain language of section 1681k(a)(1) may leave open the question of precisely when a consumer reporting agency must notify a consumer.***" *Id.* (emphasis added).

This absence of authority should end the matter. And this conclusion is reinforced by the other factor that the Supreme Court identified as critical: guidance from the Federal Trade Commission. The FTC's interpretation of the FCRA carries great weight because the FTC is the administrative agency that Congress entrusted with interpreting and enforcing the FCRA. *See* 15 U.S.C. § 1681s ("Administrative enforcement") and 16 C.F.R. § 600 (2010) (FTC "Statements of General Policy or Interpretations" and "Commentary" on the FCRA). That is why, in *Safeco*, the absence of FTC guidance that contradicted the defendant's reading helped rule out any possible finding of willfulness. 551 U.S. at 70.

SentryLink's case is stronger than that of the (successful) defendant in *Safeco.* There, the FTC had been silent about the issue, but in Campbell's case, the FTC's official guidance cuts

---

[2] *See Williams v. LexisNexis Risk Mgmt. Inc.*, No. 3:06-cv-241, 2007 WL 2439463 (E.D. Va. Aug. 23, 2007); *Beverly v. Wal-Mart Stores, Inc.*, No. 3:07-cv-469, 2008 WL 149032 (E.D. Va. Jan 11, 2008).

against the reading that Campbell proposes.  The FTC's "Commentary" on § 1681k(a)(1) advises that it is appropriate to send consumer notice by first class mail: "A consumer reporting agency may use first class mail to provide the notice required by [§ 1681k(a)(1)]."  *See* 16 C.F.R. § 600 App. (2010).  Campbell's interpretation—"prior to or contemporaneous with"—makes little sense when applied to sending letters by first-class mail.  "Prior to" is unworkable, and "contemporaneous" literally suggests transmission in some electronic form.  The FTC's guidance, which dates from 1990 and is inconsistent with Campbell's theory, highlights the recency and innovative nature of his proposed interpretation.  That guidance cannot be squared with Campbell's position that his is the only reasonable interpretation of § 1681k.

The FTC Commentary and the few reported decisions show why Campbell's proposed reading is a new one: because it relates to the shift in the consumer-reporting industry from communicating solely with paper, sent via the United States Postal Service, to sometimes communicating instantaneously through the Internet.  This context of technological change is illustrated by the opinion that Campbell attached (as Exhibit B) to his Response To SentryLink's Motion To Strike Allegations Relating To Subclass A (Docket # 17).  That opinion is from a case, also filed by one of Campbell's counsel, in which the plaintiff advocated the "contemporaneous" reading of § 1681k.  *See Williams v. LexisNexis Risk Mgmt, Inc.*, No. 3:06-cv-241, 2007 WL 2439463 (E.D. Va. Aug. 23, 2007).  Although that opinion does not address the merits of proposed interpretation (it addresses only class certification on the facts of that case), the opinion illustrates a sustained effort to make new law, by re-interpreting this 40-year old statute to address new technology.  *Id.* at *1.  In the same vein, *Shlahtichman* (the recent Seventh Circuit case that addressed whether sending a receipt by electronic email constituted "electronic printing") illustrates an effort to interpret the FCRA's language in an environment of

15

"technological advances," 2010 WL 3122786, at *4, that now include even using "the iPad." *Id.* at *5.

As *Shlahtichman* shows, the re-interpretation of a statute to address new technology reflects the opposite of the well-settled law described by the Supreme Court in *Safeco*.  An attempt at legal change simply rules out the existence of the single, well-settled interpretation that *Safeco* requires for a "willful" violation.

Campbell nonetheless alleges "willfulness," because he wants to advance this theory in the context of a putative class action.  But a "willful" violation is contrary to the very point of the plaintiff's effort—which is to make new law about the "at the time" provision.  By definition, a case that is making new law is not advancing an interpretation that is sufficiently established that a violation of it can be willful."  *Safeco* makes this clear.

So Count Three should be dismissed.   And Campbell cannot avoid dismissal by contending that the Court should not assess his reading of the statute in a factual vacuum. Campbell chose to file a complaint that is devoid of facts on this issue; he cannot now try to use that factual vacuum in his favor by asserting that the Court needs more information before it can rule on the legal sufficiency of Count Three.   At best for Campbell, this argument would reinforce the aptness of dismissing Count Three for failure to plead any facts, as argued above in part II.A.

Nor can Campbell defer this issue to another day by arguing that fact development is necessary.  Whether a certain interpretation of the law is "objectively reasonable" presents a pure question of law.  See *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005) (addressing qualified immunity, stating that "whether the constitutional right at issue was clearly established" is a "purely legal question"); see also *Elder v. Holloway*, 510 U.S. 510, 516 (1994) ("[w]hether

16

an asserted federal right was clearly established at a particular time … presents a question of law").  A court would not, of course, ask a jury to determine a question of law.  This Court should hold that the proposed interpretation of § 1681k is not established law and, based on that holding, dismiss Count Three.

### III.   The Request For Injunctive Relief Should Be Struck Because Injunctive Relief Under The FRCA Is Not Available To Private Plaintiffs

Campbell also seeks declaratory and injunctive relief.  It is well established, however, that this relief is not available to private parties under the FCRA.  *See, e.g.*, *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 268-70 (5th Cir. 2000) (holding that private plaintiffs are not entitled to injunctive and declaratory relief under the FCRA); *accord Domonoske v. Bank of America, N.A.*, Nos. 5:08-cv-066, 5:09-cv-080, 2010 WL 329961, at *22-24 (W.D. Va. Jan. 27, 2010) (collecting cases).[3]

In *Washington*, the Fifth Circuit reversed the district court's certification of a class of consumer plaintiffs who brought a suit seeking injunctive relief alleging that credit reporting agencies violated the Fair Credit Reporting Act.  199 F.3d at 270.  In finding that consumers could not maintain a class action under Federal Rule of Civil Procedure 23, the court held that private plaintiffs may not maintain a class action for injunctive and declaratory relief under the FCRA.  *Id.* at 269-70.  Similarly, in *Domonske*, the Court concluded that a proposed class action settlement between private plaintiffs and a bank, which provided for injunctive relief, "is

---

[3] *See also Daniels v. Experian Info. Solutions, Inc.*, No. CV 109-017, 2009 WL 1811548, at *4 (S.D. Ga. June 24, 2009) (the "majority of federal district courts . . . to consider the issue have also found that private plaintiffs have no right to injunctive or declaratory relief under the FCRA."); *Miller v. Sunoco, Inc.*, No. 07-1456, 2008 WL 623806, at *3 n.2 (E.D. Pa. Mar. 4, 2008) ("[T]he vast majority of district courts that have addressed the issue of injunctive relief have followed the Fifth Circuit's decision in *Washington v. CSC Credit Services, Inc.*" (citation omitted)).

contrary to law and cannot be approved."  2010 WL 329961, at *24.  The FCRA requires the same outcome here.  Campbell's request for declaratory and injunctive relief should be struck.

## CONCLUSION

For the foregoing reasons, the Court should grant SentryLink, LLC's Motion to Dismiss Count Three and to Strike the Request for Injunctive Relief.

Respectfully submitted,


 /s/
Andrew J. Morris
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, DC  20036-5652
(202) 310-5500 – phone
(202) 310-5555 – fax
ajm@carrmaloney.com

18

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the 31st day of August 31, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Scott C. Borison, Esq.
Phillip Robinson, Esq.
Legg Lew Firm, LLC
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD 21703

Scott C. Borison, Esq.
Legg Law Firm, LLC
Francis Scott Key Mall
5500 Buckeystown Pike
Frederick, MD  21703

Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA  23606

Respectfully submitted,


/s/
Andrew J. Morris

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| LARRY CAMPBELL, on behalf of himself and all individuals similarly situated | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil No. 8:09-cv-03151 AW |
| | : | |
| SENTRYLINK, LLC | : | |
| | : | |
| Defendant | : | |

**ORDER GRANTING SENTRYLINK, LLC'S
MOTION TO COUNT THREE OF THE AMENDED COMPLAINT
AND TO STRIKE THE REQUEST FOR INJUNCTIVE RELIEF**

Upon consideration of the Motion To Dismiss Count Three Of The Amended Complaint And To Strike The Request For Injunctive Relief, the memorandum of points and authorities in support thereof, the opposition thereto and reply in support thereof, it is this _____ day of _____ 2010 hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED, that Count Three of the Amended Complaint is dismissed with prejudice and the request for injunctive relief is struck from the Amended Complaint.

SO ORDERED.

_____
Judge, United States District Court for
the District of Maryland